WILLIAM CRAWFORD, JR. *vs.* SAMUEL, MARY AND CHARLES SEVERSON.—*December,* 1847.

The testator devised to his son *J.* his home plantation in fee, and to his son *S.* another plantation, in fee. To his daughter he devised $1,000, of which $600 was to be paid by *J.* and $400 by *S.* at the expiration of three years from the testator's death, on his attaining full possession, which ever may last happen; with two years interest from *J.* and *S.* The rest and residue of his estate he devised absolutely to his two sons. *Held,* that the legacy to the daughter was a charge upon the land devised to the sons on the proportions of three-fifths and two fifths.

Such a bequest is not payable as legacies ordinarily are out of the personal estate, but is to be paid by the two sons, and *quoad hoc* the lands were held by them in trust.

If a testator direct a particular person to pay a legacy, in the absence of all other circumstances, he is presumed to intend him to pay it out of the funds with which he is intrusted.

Courts of equity have exclusive jurisdiction in all cases where the recovery of legacies is sought from lands charged with their payment.

In enforcing such liens, courts of equity, by analogy, generally adopt the statutory bar of twenty years, as a bar to relief, where the lien is of more than that standing, and where the plea of limitations or lapse of time is relied on in the defendant's answer.

The assignee of a legatee whose legacy was a lien or charge upon land, may enforce its payment by bill in equity against the owners of the land.

APPEAL from the Court of Chancery.

The bill was filed by the appellant on the 9th July, 1832, claiming payment of a legacy bequeathed in 1824, by *Thomas Severson* to his daughter *Sarah Denny,* as a charge upon and out of certain lands bequeathed to his two sons, *John* and *Samuel,* in fee. The appellant was the assignee of *Sarah.*

The opinion of this court sufficiently sets forth the allegations of the bill, answers and nature of the claim.

At March Term, 1825, the Chancellor (BLAND) being of opinion that the legacy claimed by the complainant had not been charged upon the real estate of the testator, dismissed the bill with costs. From that decree the complainant appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By J. Mason Campbell for the appellant, and

By Groome for the appellees.

Dorsey, J., delivered the opinion of this court.

The appellant's claim is for a legacy of one thousand dollars with the interest thereon, (to which he makes title as assignee,) bequeathed by *Thomas Severson* to his daughter *Sarah Denny*, by his will bearing date the 17th day of April, 1824, and admitted to probate on 13th day of April, 1825.

The only clauses in this will which are material to the issues in this cause are the six following, viz:

Item. I give and bequeath to my son, *John Severson*, all my home plantation whereon I now reside, except so much thereof as I may put to the plantation I purchased of *John Money*, by my altering the divisional fence between said plantation, which said divisional fence is to be taken for the division lines between said plantation to him in fee simple.

Item. I give and bequeath unto my son, *Samuel Severson*, all the plantation I purchased of *John Money*, and so much of my home plantation as I may put to said plantation by the alteration I may and do make in the divisional fence between the two plantations, which said divisional fence is to be the division line or lines between said plantations, to him in fee simple.

Item. I give and bequeath unto my daughter *Sarah*, wife of *John Denny*, one thousand dollars, to be paid to her in manner following,—six hundred dollars of which is to be paid by my son *John* at the expiration of three years after my death, with two years interest thereon, and the remaining four hundred dollars is to be paid by my son *Samuel* three years after my death, on his attaining full possession, which ever may last happen, with two years interest thereon.

Item. I devise and bequeath all the rest and residue of my estate, both real and personal, to be equally divided between my sons *John Severson* and *Samuel Severson*, their heirs and assigns forever, in equal proportion, share and share alike.

Item. It is my will and desire that my sons *John Severson*

and *Samuel Severson* shall have, receive, and inherit, and enjoy their bequest herein made to them, as they severally arrive to the age of eighteen years, or my death, which ever may last happen. And lastly, I do hereby constitute and appoint my brother, *John Wroth,* and my son, *John Severson,* executors of this, my last will and testament.

Between the three first and three last of the aforegoing clauses in the testator's will there were many bequests, but they have no bearing or connection with the questions in controversy in this cause.

The assignments of the legacy being fully proved; the first and most important question which we are required to decide is whether the legacy given to *Sarah Denny* is a charge upon the lands devised to *John Severson* and *Samuel Severson?*

By the first and second devises made by the testator, he gave the lands to *John* and *Samuel* in fee ; and by the immediately succeeding clause of his will he gave to his daughter, *Sarah Denny,* one thousand dollars, to be paid to her by his sons, *John* and *Samuel,* in the manner and in the portions therein specified, that is, *John* was to pay six hundred dollars and *Samuel* four hundred dollars.

By such a bequest, this legacy is not payable, as legacies ordinarily are, by the executors out of the personal estate of the deceased, but by the express mandate of the testator, is to be paid by his devisees, *John* and *Samuel.* Upon what ground could such a requisition be made of them ? Upon no conceivable ground, but that the testator, in giving them his property, had prescribed the terms and conditions of his own munificence. Such is the inference of reason and of law ; and as conclusively appearing by the acts of the testator, as if his intention had been declared in the most explicit terms. In consideration of the devises made to them by his will, he requires them to pay to their sister one thousand dollars, in the manner and upon the terms on which he directs it to be done. In what light does a court of equity regard such a proceeding ? An answer to this question cannot be more satisfactorily given than in the language of some of the authorities on the subject.

If a testator directs a particular person to pay, he is presumed, in the absence of all other circumstances, to intend him to pay out of the funds with which he is intrusted.    2 *Story's Eq.* sec. 1247.

In 1 *Story's Rep.* 383, *Sands vs. Champlin*, Justice *Story* says that " a charge of debts upon a devisee in respect of lands devised to him, has always been held to be, not a mere charge upon the devisee personally, but, a charge on the lands." And on the same page in the same case he *says:* "*such an* order and direction is in the language of command, and imports a trust fixed upon the estate devised ; for it is a charge in consideration of the devise; or in other words, it is a charge upon the estate in the hands of the devisee." And in page 384 of the same case, the learned Justice says : " indeed I understand it to be a general rule in the construction of clauses of this sort, that where the testator devises an estate to a person, and in respect thereof charges him with the payment of debts and legacies, the charges are always treated as charges in *rem*, as well as in *personam*, unless the testator uses some other language, which limits, restrains, or repels that construction." A similar principle to that asserted by this court in the case before us was decided by Lord *Redesdale*, in *Cary vs. Cary*, 2 *Sch. & Lef.* 188. And in an anonymous case in 2 *Freeman's Rep.* 192, it is said, " and if a man by his will deviseth his lands to *J. S.*, and doth desire that the said *J. S.* should pay his debts ; or if it be the said *J. S.* paying his debts ; or if immediately after the devise of his lands, he doth appoint or desire that his debts should be paid ; or if he useth any expression in the will, whereby it appears that he had any intent to charge his lands with his debts, in such case his lands will be so charged."

It follows from the authorities referred to that the lands devised to *John* and *Samuel Severson* were charged with the payment of the legacy of one thousand dollars bequeathed to *Sarah Denny ;* and that *quoad hoc* the lands were held by them in trust. Thus far this case has been considered apart from the devise of the rest and residue of the real and personal

estate of the testator to *John* and *Samuel Severson*. But that devise can have no effect in discharging the lands first devised to them, from the lien for the payment of the legacy.

Such a residuary devise might increase the amount of property subjected to the lien, but could not operate, as a discharge therefrom, of any part of it. It does not appear that any real estate passed by the residuary devise, nor that there are any specific articles of personal property which were embraced by it, that are now in the possession of any body, that a sale thereof might have been sought, together with the realty, by the bill before us.

The answer of the infant heirs of *John Severson* urges as a defence against the relief demanded by the appellant's bill of complaint, that *Thomas Severson* left a large personal estate much more than a sufficiency to pay all his debts and legacies, including that given to *Sarah Denny*, and that the persons entitled to her legacy having failed to enforce its payment against the executors of *Thomas Severson*, have no right to the remedy pursued in the bill before us. It has been before stated, that this legacy was not payable by the executors. And if it were necessary to add anything to prove that it was not the intention of the testator, that it should have been so paid, it is found in the fact, that had it been thus paid, *John* and *Samuel Severson*, being equally entitled to the residue of the personalty, each would in fact have paid the moiety of the legacy: whereas the mandate of the testator was that three-fifths of it were to be paid by *John Severson* and two-fifths by *Samuel*. There is no weight in the objection urged in behalf of the appellees, that the obligation imposed by the testator (in respect to *Sarah Denny's* legacy) on *John* and *Samuel Severson* was merely personal, and that the only remedy against them was by suit in a court of law. It is unnecessary to determine whether, under the circumstances and proofs in this case, an action at law could have been maintained against *John* and *Samuel Severson* on their personal liability to pay this legacy. Such a remedy, if it existed, could interpose no obstacle to the appellant's present proceeding in *rem:* courts of

equity having exclusive jurisdiction in all cases where the recovery of legacies is sought from lands charged with their payment. And in determining on the validity and interpretation of legacies made a charge on lands, courts of equity are governed by the rules of the common law. The statute of limitations is relied on by the infant defendants; but it cannot avail them. In enforcing liens upon land, courts of equity, by analogy generally adopt the statutory bar of twenty years against a right of entry, as a bar to relief where the lien is of more than twenty years standing, and when the plea of limitations or lapse of time is relied on in the defendant's answer. But here no such defence can be interposed. The testator made his will in 1824, died in 1825, and the bill before us was filed in 1832 : the lapse of time between the right to sue and the commencement of the suit, being only about seven years.

This court will sign a decree reversing, with costs, both in this court and in the court below, the Chancellor's decree dismissing the complainant's bill, and remanding the cause to the Court of Chancery, that a decree may be passed for the sale of the land, or so much thereof as may be necessary for that purpose, devised by *Thomas Severson* to *John Severson* and *Samuel Severson*, and charged with the payment of the legacy of one thousand dollars bequeathed to *Sarah Denny* in the manner specified in the last will and testament of the testator, deducting the two payments of one hundred and fifty dollars each, paid on account of that portion of the said legacy charged on the land devised to *John Severson ;* and that such other and further proceedings may be had therein as the nature of the case may require.

DECREE REVERSED AND CAUSE REMANDED.