JOHN GREENWOOD, Adm'r of PHILIP GREEN-
WOOD *vs.* DANIEL GREENWOOD, and others.

A testator who died in 1828, devised all his lands to his three sons, " they
   paying what I shall hereinafter mention and bequeath." He then gave
   to his daughter £300, the interest of which was to be paid to her yearly; and,
   if she should "live more than five years after my death, having lived the two
   last years preceding her death with one of my children," such child '·shall
   be entitled to the £300, and shall be paid by my three sons." The daughter
   died in 1837, having lived all the time from the death of her father with
   one of her said brothers, whose administrator in 1850, filed a bill against
   one of the other sons, claiming one-third of this legacy to be a charge on
   the land devised to such son, and praying for a sale thereof to pay the
   same: HELD, that limitations was not a bar to this claim.

APPEAL from the Equity Side of the Circuit court of Car-
roll county.

Joseph Greenwood died in April 1828, leaving a will by
which he devised and bequeathed as follows : "I give and de-
vise, in fee-simple, to my three sons and their heirs and assigns,
all my lands, they paying what I shall hereinafter mention and
bequeath." Then follows a specific division of his lands,
among his three sons, John, Ludwick and Philip, and after-
wards this bequest:—"*Item.* I give and bequeath unto my
daughter Elizabeth, one bedstead and bedding, and also three
hundred pounds current money, to be paid by my three sons,
each to pay one hundred pounds current money, and to be
·paid in the following manner, to wit, the principal to be paid
only agreeable to my arrangement herein made, but the
interest to be paid yearly after my death to the said Elizabeth,
or to some person supporting her, in case she should not be
able to manage her own support with said interest; and, if she
should not live five years after my death, then the three hun-
dred pounds bequeathed to her are to be equally divided among
my children and grandchildren hereinbefore and after named;
and as it is my wish that she live with one of her brothers or
sisters, it is my will that if she live more than five years after
my death, and at the time of her death, having lived the two

Greenwood *vs.* Greenwood.

last years preceding her death with one of my children, the child with whom she has so lived shall be entitled to the three hundred pounds current money, hereinbefore bequeathed to the said Elizabeth, and shall be paid by my three sons."

Elizabeth died in May 1837, having survived her father more than nine years, and from his death until her own, lived with her brother Philip, who contributed mainly and chiefly to her support during the whole time. John and Ludwick each paid the interest on one-third part of said legacy during the lifetime of Elizabeth, and after her death the latter paid to Philip one-third part of the principal thereof, with the interest then due. John refused to pay any part of the legacy to Philip, and the latter having died intestate his administrator filed the bill in this case on the 8th of March 1850, insisting that upon the death of Elizabeth the legacy vested in Philip, and that one-third part thereof was a charge on the land that John took under the will of his father, and praying for a decree to sell the same for the payment of such third part, with interest thereon from the death of Elizabeth.

To this bill John appeared and filed the plea of limitations, but died before the case was set down for hearing. To the bill of revivor his representatives also plead limitations, and the court (NELSON, J.,) being of opinion that the plea was a bar to the recovery, dismissed the bill, and the complainant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*William N. Hayden* for the appellant, insisted that the plea of limitations was not a bar to the claim of the appellant, because the land devised to John Greenwood was held by him in trust for the payment of the legacy to Elizabeth, which was a charge thereon. He relied upon the case of *Crawford vs. Severson,* 5 *Gill,* 443, as conclusive upon the point, but cited also, 4 *Bac. Abr.,* 473, *title, Limitations, letter D.* 1 *Vernon,* 256, *Parker vs. Ash.* 2 *H. & McH.,* 154, *Ward vs. Reeder.* 2 *Wms. on Exc's,* 1249, 1250. 1 *Story's Eq.,* secs. 591, 602. 2 *Do., sec.* 1244. 11 *G. & J.,* 242, *Ma-*

*gruder vs. Peter.* 2 *H. & G.*, 326, *Oehler vs. Walker.* 10 *G. & J.*, 490, *Luckett vs. White.* 1 *Story's Rep.* 383, *Sands vs. Champlin.* 2 *Peere Wms.*, 318, *Bennet vs. Davis.* 4 *H. & McH.*, 198, *Ridgely vs. Carey.*

*William P. Maulsby* for the appellee. The great difference between this case and that of *Crawford vs. Severson* is, that here there was a, destruction of the trust, while in that the trust was a *continuing and subsisting* one up to the date of the decree. The trust created by this will terminated by the death of Elizabeth, and from that time a cause of action arose and the statute of limitations began to run. It is only in cases of continuing and subsisting trusts that the statute does not apply. 2 *Story's Eq.*, secs. 1244, 1247, 981, *note (a,)* 1520 *a*, 1521 *a*. 7 *Johns Ch. Rep.*, 122, *Kane vs. Bloodgood.* A court of law and a court of equity had concurrent jurisdiction to enforce the claim of the appellant, and in such cases the statute is equally obligatory in each court. 3 *Md. Rep.*, 366, *Hertle and Wife vs. Schwartze, et al.* 3 *Gill*, 161, *Dugan vs. Gittings.* Only trusts *exclusively* cognizable in equity are exempt from the operation of the statute.

ECCLESTON, J., delivered the opinion of this court.

Upon the plea of limitations the court below dismissed the bill, and in doing so, we think an error was committed.

The principles settled in *Crawford vs. Severson*, 5 *Gill*, 443, so fully show that the plea of limitations cannot avail, in such a case as this, that we deem it unnecessary to do more than refer to that decision as full authority for our reversing the present decree and remanding the cause for further proceedings.

*Decree reversed and cause remanded for further proceedings.*