JOHN L. BUDD *vs.* PETER WILLIAMS and ELIZABETH ANN WILLIAMS, his Wife.

WILL,—CONSTRUCTION OF : LEGACY,—WHEN A CHARGE UPON REAL ESTATE.—W, B. by his last will gave to his wife, all his estate, both real and personal, during her life, with power to devise certain of the negroes and their increase, &c. After her death he devised the several tracts named in the second clause of his

will to W. F. B., his wife's brother, and his heirs. By the 4th clause, he gave to his brother J. B's children, viz:' W., J. & S. A., after his wife's death, all his negroes excepting one specially bequeathed. The will then provides, "In case the title to the land willed to W. F. B. should prove a valid one, I give, devise and bequeath to the said W., J. & S. A., the sum of $3,000 to be equally divided between them or their heirs; but should the title to the land as aforesaid bequeathed and given to W., F. B.," &c., "prove not valid, the above legacy of $3,000 is not given to the said W., J. & S. A. as aforesaid." W. F. B. survived the testator, but died during the life of the widow, after whose death the land descended to the heirs-at-law of W. F. B. J., the only survivor of the said W., J. & S. A., filed a bill in equity to enforce the charge of the legacy upon the lands descended to the heirs-at-law of W. F. B.—HELD:

1st. That the intention of the testator is so obvious to charge the legacy upon the real estate, and to regard that as the primary fund, that in conscience the personal estate ought to be exonerated, because only auxiliary.

2nd. That W. F. B. took the lands devised to him, with the condition clearly implied, that if he obtained a good title he should pay the legacy of $3,000, and said legacy was a charge upon the land.

APPEAL from the equity side of the Circuit Court for Charles county.

The appellant filed the bill of complaint in this case against the appellees, for the purpose of enforcing a charge upon lands descended to them, for the payment of certain legacies. An answer was filed and the case submitted on an agreement as to the facts. The material allegations of the bill and answer, and the facts of the case are set forth in the opinion of this Court.

Upon hearing the case, the Court below, (BRENT, J.;) dismissed the bill, and from that decree this appeal is taken.

The cause was argued before BOWIE, C. J., and GOLDSBOROUGH and WEISEL, J.

*Vivian Brent* and *Levin Gale*, for the appellant, contended:

That the bequest to John, William and Sarah Ann

Budd, was a charge upon the Ferry plantation, and urged the following points :

1st. That in construing a will, you must put yourself in the position which the testator occupied at the time ; and that the evidence contained in the agreement of facts was admissible for that purpose. *Wigram on Wills*, 1 *Vol.*, *sec.* 9. *Proposition* 5, *head note, and sec.* 76, 96.

2nd. That the important facts relied on to prove the charge, may be inferred from the will itself.

3rd. The legacy is given upon condition that Burgess should obtain a valid title to the land, a sufficient reason why he should pay, but scarcely any reason why some other person not interested in such title should. *Sands vs. Chaplin*, 1 *Story's Rep.*, 377. *Miles vs. Leigh*, 1 *Atkyns*, *Crawford vs. Severson*, 5 *Gill*, 443. *Spence vs. Robins*, 6 *G. & J.*, 516. *Harris vs. Fly*, 7 *Paige*, 429.

4th. The legacy upon any other theory was a mere nugatory act, since it only took the money from John, William and Sarah, as distributees, and gave it, in the event of a certain determination of a litigation in which they were not concerned, to them as legatees.

5th. The negative words, that they should not have the legacy in case the title to the land should prove invalid, show, that the testator could not have intended the legacy to come out of any other portion of his estate, for he would in that case have made a further disposition of the $3,000, which he thus declared his next of kin should not have.

6th. In this instance, the estate of the testator is given away from his own relatives, the natural object of his bounty, and in such cases the rule is, that that construction of the will shall prevail which most tends to secure legacies in favor of relatives. *Van Winkle vs. Van Horlin*, 2 *Green's Ch. Rep.*, 172. *Lypert vs. Carter*, 1 *Vesey*, *Senr.*, 499. *Elliot vs. Hancock*, 2 *Vernon*, 143. *Webb vs. Webb*, 2 *Eq. Ca. Abd.*, 504.

7th. The legacy being only payable when the event should happen, which event might not, and in point of fact did not, happen for many years, the reasonable presumption is, that the testator did not design to keep his estate in an unsettled condition and answerable for this event, but regarded the property which was kept in suspense by the claim of third parties, as the proper fund to meet the legacy dependent on its result.

*F. Stone* and *Thos. G. Pratt*, for the appellees, argued:

1st. That the personal estate is the primary fund for the payment of legacies, and as between the devisee of the real estate and the legatee, is the only fund to which the legatee can look for payment, unless the testator, by his will, has in direct words or by necessary implication, not only charged the real estate devised with its payment, but clearly indicated his intention that his personal estate should not be so applied.

It is insisted, that in this case there is no direct charge of this pecuniary legacy upon the real estate devised, nor is there any necessary implication that it should be so charged. The bequest is simply conditional upon the validity of the title of the devisee, and upon this alone is predicated the theory that it is a charge upon the lands devised. *Duke of Ancaster vs. Mayor*, 1 *White & Tudor Le. Ca.*, 442. *Stevens vs. Gregg*, 10 *G. & J.*, 143–147. *Parker vs. Fearnly*, 2 *Simons & Stewart*, 599. *Bridgeman vs. Dove*, 3 *Atkins*, 201. *Meade vs. Hide*, 2 *Vernon*, 120. *Samwell vs. Wake*, 1 *Brown Ch. Ca.*, 145. *Booth vs. Blandell*, 1 *Mer.*, 220.

2nd. That parol evidence will not be admitted to shew the intention of testator to give his personal estate free from debts; nor will any inference be drawn of the testator's intention by consideration of relative amount of the personal estate and debts, nor of the inadequacy of personal estate.

*Stephenson vs. Heathcote,* 1 *Eden,* 38. *Tail vs. Lord Northwick,* 4 *Ves.,* 816. 1 *White & Tudor Le. Ca.,* 442. 443.

3rd. That in this case, the question arises between the devisee of the real estate and the appellant as pecuniary legatee, whether the legacy is to be paid from the land or from the personal estate undisposed of by the testator ; and the appellees' counsel submit, that assuming the real estate to be charged in this case with the payment of this legacy, that no case can be found in which the Court has held that the charge upon the land would exempt the personal estate not disposed of by the will, from its primary liability, unless the personal estate is in terms exonerated, or the legacies declared to be charged upon the real estate exclusively. *White & Tudor Le. Ca.,* 453, 452. *Tole vs. Hardy,* 6 *Cowen,* 340, 341. 3 *Rawle,* 229. *Johnson vs. Milksop,* 2 *Vern.,* 112. *Id.,* 183. *Hoes & Others vs. Van Hoem,* 1 *Comstock,* 120, 123. *Livingston vs. Norwick,* 1 *Johns. Ch. Rep.,* 319.

The testator must not only charge the real estate, but must show his purpose that the personal should not be applied. 1 *White & Tudor,* 550. 1 *Brown Ch. Ca.,* 144. *Story Eq., sec.* 572.

4th. That the appellant's third point answers in substance, that the devisee is to pay the pecuniary legacy, because no one else is directed to pay. Our position is that the personal estate is appropriated by law to pay, unless some other fund is expressly or by necessary implication set apart for the payment.

It is insisted that the Maryland cases referred to by the appellant, in 5 *Gill,* 443, and 6 *G. & J.,* 516, do not sustain the position for which they are cited, and that our position is established by the authorities heretofore referred to. 10 *G. & J.,* 143.

5th. That the devise to the appellee shows that the

testator regarded him at least as much the object of his bounty as his nephew and nieces, to whom the pecuniary legacy is given, and that the rule of construction set forth in the appellant's sixth point is not applicable.   1 *White & Tudor's Le. Ca.*, 185.

GOLDSBOROUGH, J., delivered the opinion of this Court.

The appellant filed his bill of complaint in the Circuit Court for Charles county, to recover a legacy of $3,000, conditionally bequeathed by the will of William Budd to him, his brother, William, and his sister, Sarah Ann Budd, to be equally divided between them.

William and Sarah survived the testator, but have since died, leaving the appellant, as he alleges, their only next of kin.

"It is agreed by the parties litigant that their object is to ascertain whether, by the true construction of the will of William Budd, the land willed to William F. Burgess, under whom the appellees claim, is liable for, or chargeable with, the legacy of $3,000 left to the appellant and his brother and sister; all questions as to how the appellant is to receive or to be entitled to the portions of his deceased brother and sister, whether by survivorship or otherwise, is waived, as that is a matter in which the respondents have no interest or concern."

The Circuit Court, upon final hearing of bill, answer, exhibits and agreements, dismissed the bill, and from its decree this appeal is taken.

In reviewing William Budd's will, we find that he says he is desirous to settle his worldly affairs, and with that intent he gives to his wife all his estate, both real and personal, during her life, she to be at liberty to devise all the negroes and their increase, that came by her with the plantation on which his uncle, Lott Mason, lived and died, together with the stock, furniture left by him, and the crop

on hand. After her death, he devises the several tracts of land named in the second clause of his will, to William F. Burgess and his heirs. By the fourth clause, he gives to his brother, John Budd's children, viz: William, John and Sarah Ann, after his wife's death, all his negroes, (except one given to Ann Burgess,) to be equally divided between them ; and then provides "in case the title to the land willed to William F. Burgess should prove a valid one, I give, devise and bequeath to the aforesaid William Budd, John Budd and Sarah Ann Budd, the sum of $3,000 to be equally divided between them or their heirs, but should the title to the land as aforesaid bequeathed and given to William F. Burgess, called Nonesuch, or to land attached thereto constituting the Ferry Plantation, prove not valid, the above legacy of three thousand dollars is not given to the said William, John and Sarah Ann Budd, as aforesaid."

Lastly, the testator constituted his wife and his friend, William F. Burgess, his executors.

Burgess survived the testator, but died in the lifetime of his widow. After her death, the real estate descended to the appellee, Elizabeth Ann Williams, as the heir-at-law of Burgess. After the death of the widow of the testator, the appellee took possession of the estate. The title thereof was in litigation at the time of the execution of Budd's will in 1840, and was finally settled in 1853, in favor of the testator or those claiming under him.

It is agreed that on the final settlement of the personal estate of William Budd in 1842, there was a balance of $12,316.89, subject to distribution amongst the next of kin of the testator, and that the children of John Budd named in the will were the next of kin.

As the true construction of the will can be arrived at more certainly by an analysis of it, it may conduce to that end to note the items *seriatim*.

The testator expresses his desire to settle his worldly affairs. He then gives all his estate, both real and personal, to his wife during her life. Here, it is to be observed, that with the exception of his negroes, he gave to her the power of disposition of the general personal estate, and the most of that would be embraced by the principle laid down in the case of *Evans vs. Iglehart*, 6 *G. & J.*, 171, viz., when any article of personalty bequeathed to a legatee for life, is of such a nature that its use is its consumption, the legatee takes the absolute property in the thing bequeathed. In the absence of any inventory of the personal estate of William Budd, we are left to infer that the negroes bequeathed to the Budds, and the one to Ann Burgess, constituted the bulk of the personalty embraced in the balance for distribution.

While the law is too well established to need a citation of authority to support it, that the personal estate is the primary fund for the payment of debts and legacies, and to exempt that estate from the payment thereof, there must be either express words or a plain intention, still, the intention may be found, not only in the mode in which the personal estate is given, but also in the manner in which the real estate is given. See 1 *White & Tudor's Leading Cases*, 451. Looking, then, to the fourth clause of the will under consideration, we find that the legacy of the negroes to the Budds is positive and absolute. If the testator be presumed to know the testamentary laws of the State, it would be difficult to account for his conduct (if he did not intend to charge the real estate) in giving to his nephews and neice the positive legacy of the negroes and then give them a contingent legacy of $3,000, which, according to the theory of the appellees, was to be paid out of the personal assets. Such a theory would present the anomaly of taking from the legatees their negroes to pay their contingent legacy, when in fact they had the right to

demand their negroes in a due course of administration. Such a result would have left the personal estate unadministered from 1842, when the final account was passed, until 1853, when the title to the land was settled. It is equally difficult to conceive what motive the testator had in so intimately associating the legacy of $3,000 with the title to the land devised to Burgess, if he did not intend to make it a charge on the land. The legacy is void if Burgess gets no title. If he gets it, he does so to the prejudice of the heirs-at-law, of the testator, and though it does not distinctly appear that the children of his brother, John, were the heirs-at-law. yet it may be inferred that such was the case, and if so, the legacy may have been presumed to have been left to them as a compensation for the loss of the real estate.

If this construction be not put upon the fourth clause of the will, the provision which makes the legacy dependent on the contingency of Burgess' obtaining the title, is wholly without meaning.

Bearing in mind that the will is inartificially drawn, allowance must be made for the failure of the testator to use specific terms by which to charge the real estate. It is, however, conceded by the appellees, that a charge upon real estate may be by necessary implication, especially where the testator clearly indicates his intention that his personal estate should not be so applied.

We think the intention of the testator in this case is so obvious to charge the legacy upon the real estate and to regard that as the primary fund, that in conscience the personal estate ought to be exonerated because only auxiliary. See 1 *Story's Eq. Jur.*, sec. 574.

It is insisted by the appellees, that where there is a sufficiency of personal estate to pay all debts and legacies undisposed of by the testator, the land is exempt from the charge upon it. We have before said, that in the contem-

plation of the testator he designed to dispose of the whole estate, both real and personal.

Had the testator directed the devisee of the real estate to pay the legacy of $3,000, this case would have been in strict accordance with the case of *Crawford vs. Severson*, 5 *Gill*, 443. We think the implication is so strong as to amount to a positive obligation. In the case in 5 *Gill*, the infant heirs of John Severson, in their answer, urged that Thomas Severson left a large personal estate, much more than sufficient to pay all his debts and legacies, and yet this Court found, from the context of the will, enough to sustain the claim of Sarah Denny as a charge upon the real estate devised to John and Samuel Severson.

After a careful consideration of this case, we think that Burgess took the lands devised to him with the condition clearly implied, that if he obtained a good title he should pay the legacy of $3,000, and that it was a charge on the land.

This Court will sign a decree reversing the decree of the Circuit Court with the costs of this appeal to the appellant, and remanding the cause for further proceedings in conformity to our opinion.

*Decree reversed.*