STATE, use of JACK Q. HEWLETT *vs.* JAMES W. HEW-
LETT, ROBERT MICKLE and JOHN GLENN.

*Suit on Testamentary bond to recover a Legacy charged upon
the Residue of the Estate devised and bequeathed—Bond not
liable—Art. 93, sec. 10, of the Code—Art. 16, sec. 138, of
the Code.*

A testator devised and bequeathed all the rest, residue and remainder of his
estate to J. W. H. in fee, who was also named the executor, upon the condi-
tion that he should pay to J. Q. H. the sum of $5000, upon the arrival of
the latter at the age of twenty-five years, and the will declared that said
sum should be a lien or charge on the residue of the estate so given. The
testamentary bond was executed on the 14th day of December, 1864, and
on the 18th day of January, 1866, the executor passed his final account, by
which it appeared that there remained in his hands the sum of $16,426.34
in money, the residue of the personal estate, after the payment of all debts
and charges, which by said account was passed over to and held by him as
residuary legatee. J. Q. H. attained the age of twenty-five years on the
26th day of June, 1876, and on the 8th of July, 1876, brought suit on the
said bond, to recover said legacy. On demurrer to the declaration it was
HELD :

1st. That the bond so given by the executor was not responsible for his failure
to invest a sufficient sum out of the residue of the personal estate remaining
. in his hands, to secure the payment of said legacy to J. Q. H. on his reach-
ing the age of twenty-five years.

2nd. That sec. 10 of Art. 93 of the Code, had no application to a case like
the present; for the will did not direct that the residue or any part of it
should remain in the hands of the executor. On the contrary, it was
expressly devised and bequeathed to J. W. H. absolutely, subject only to
the proviso or condition that he the *devisee* should pay $5000 to J. Q. H.
when the latter should reach the age of twenty-five years.

3rd. That when the residue was ascertained, the said J. W. H. became entitled
thereto as residuary legatee, and when the same was passed over and
retained by him in that character, his testamentary bond was discharged,
and the sureties thereon were in no manner bound to J. Q. H., for the pay-

State, use of Hewlett *vs.* Hewlett, *et al.*

ment of the $5000 or for its safe investment for his security; the fund was from that time in the hands of J. W. H., not as executor, but as devisee, subject only to the charge in favor of J. Q. H.; and as to that charge he held as devisee in trust.

4th. That the remedy of the legatee, in case he apprehended loss, was by application to a Court of Chancery under sec. 138, of Art. 16 of the Code.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*Henry C. Kennard,* for the appellant.

Under the will of John Q. Hewlett, James W. Hewlett had no right to any portion of the rest and residue of his testator's estate, except subject to the condition that he should pay to Jack Q. Hewlett his legacy of five thousand dollars, upon his reaching twenty-five years, and should pay the annuitants the sums payable to each of them respectively; having taken said rest and residue subject to this condition, it became his duty, as executor, to provide for the performance of these conditions before allowing said rest and residue to go out of his hands. Being appointed executor by the will and having given bond " well and truly to perform " the duties of such executor, it was his duty, as such executor, to see either that the provisions of the will were carried out, or provisions made and security given that they would be carried out. The legacy in this case being not specific property but money, it was his duty, as executor, to have invested the same, or to have had it invested under the order of a competent Court. *Evans, et al. vs. Iglehart, et al.,* 6 *G. & J.,* 196-7; *Miller & Mayhew vs. Williamson,* 5 *Md.,* 219 ; *Boyd vs. Boyd,* 6 *G. & J.,* 31–33 ; *Perry on Trusts, sec.* 263 ; *Art.*

93, *sec.* 10, *of the Code*; *Hanson and Wife vs. Worthington*, 12 *Md.*, 441.

The question is not in what capacity James W. Hewlett holds the property *now*, or whether his sureties on his executor's bond would be liable for any *devastavit* or misappropriation of the rest and residue *now*. It is, that James W. Hewlett, as executor, was bound in duty—for which his bond was answerable—not to let the rest and residue in his hands, as executor, go into the hands of any one else, or into his own hands in any other capacity, without securing the performance of the provisions of his testator's will, the will expressly stating that he was to take it subject to those provisions. *Perry on Trusts, sec.* 263; *Evans, &c. vs. Iglehart, &c.*, 6 *G. & J.*, 196-7.

And the executor cannot escape his liability as executor by turning the property over to himself in some other capacity. The breach of duty for which his bond is responsible is the *fact* of turning it over without requiring or giving proper security for the performance of the provision under which he is alone entitled to take. *Swope vs. Chambers*, 2 *Grattan*, 319; *Thornton vs. Fitzhugh*, 4 *Leigh*, 209.

Jack Q. Hewlett, the legatee, was a minor, and his interest was contingent upon his living to the age of twenty-five years, and it was, therefore, impossible for him to take any steps to secure himself prior to his arrival at that age. The account passed by the Orphans' Court distributing to James W. Hewlett, the executor, without security, the whole rest and residue of the estate, was passed on the 18th day of January, 1866, Jack Q. Hewlett, the appellant, did not reach the age of twenty-five until the 26th day of June, 1876, ten years afterwards. It was, therefore, not in the power of the appellant to take any steps to protect himself, while John Glenn and Robert Mickle—two of the appellees—securities on the executor's bond of James W. Hewlett, had a right if they saw any.

danger from their principal's action, to secure themselves by requiring counter security. *Art.* 91, *sec.* 1, *of the Code.*

*John P. Poe,* for the appellees.

Under the will of Hewlett, the $5000 directed to be paid to the appellant upon his arrival at the age of twenty-five, was a contingent charge or lien upon the residue, consisting of both real and personal estate, payable by James W. Hewlett as devisee and legatee, and not as executor. *Ellicott vs. Early,* 3 *Gill,* 439.

Not only the legal estate, but the whole beneficial interest in the residue, vested in Hewlett as devisee and legatee, subject only to the payment of the charge. 2 *Story's Eq.,* sec. 1245.

*Quoad* the $5000 charge, Hewlett was a devisee in trust, *a trustee. Crawford vs. Severson,* 5 *Gill,* 443; *Lewin on Trusts,* 112.

By his settlement with the Orphans' Court, more than ten years before the contingent charge became payable by Hewlett as devisee and legatee, the residue in money vested in him as legatee, and his testamentary bond was discharged. *Ellicott vs. Early,* 3 *Gill,* 439; *Boyd vs. Boyd,* 6 *G. & J.,* 33; *Binnerman vs. Weaver,* 8 *Md.,* 517, 524; *State vs. Jordan,* 3 *H. & McH.,* 180; *Seegar vs. State,* 6 *H. & J.,* 162; *Watkins vs. State,* 2 *G. & J.,* 220; *Hanson vs. Worthington,* 12 *Md.,* 440; *Sparks vs. Weedon,* 21 *Md.,* 156; *Taylor vs. Deblois,* 4 *Mason,* 133; *Plumer vs. Marchant,* 3 *Burr.,* 1380.

The remedy of the appellant was ample under Art. 16, sec. 138, of the Code; and Art. 93, sec. 10, has no application to the case, there being no provision in the will for keeping the estate together until the arrival of the designated period, as in *Rieman vs. Peters,* 2 *Md.,* 104, and there being no legacy payable by the executor in that character, as in *Gunther vs. State,* 31 *Md.,* 21.

The will in this case did not require the executor to invest, and the only case where an investment is required

by law, of an executor is that of a residue in money bequeathed for life, with remainder over; and even in such case, when power of disposal is given, it must be shown, that the fund is in danger in the hands of the life tenant. *Boyd vs. Boyd*, 6 *G. & J.*, 25, 33; *Evans, et al. vs. Iglehart, et al.*, 6 *G. & J.*, 171, 196.

The contract of the sureties being *strictissimi juris*, the scope of the bond will not be enlarged for the purpose of adding to the responsibilities imposed upon the executor by the will or by the law.

If the Orphans' Court erred in passing the final account, having the effect indicated, the subject-matter being within its jurisdiction, the appellant should have availed himself of the remedies within his reach to rescind, or appeal from, such action within the proper time after notice thereof. *Redman vs. Chance*, 32 *Md.*, 43.

It may now be regarded as well settled that the error, if any exist, must first be corrected in the Court where it occurred, before the sureties can be reached. *Smith vs. Stockbridge*, 39 *Md.*, 647; *Edes, et al. vs. Garey and Lanahan*, 46 *Md.*, 24; *Raborg vs. Hammond*, 2 *H. & G.*, 42; *Taylor vs. Deblois*, 4 *Mason*, 133.

BARTOL, C. J., delivered the opinion of the Court.

This suit was brought on the testamentary bond of James W. Hewlett, executor of John Q. Hewlett deceased, to recover a legacy of $5000, given by the will to Jack Q. Hewlett.

The defendants filed a general demurrer to the declaration, which was sustained, and judgment being thereon entered for the defendants, the plaintiff has appealed.

It appears from the averments in the declaration that the testator devised and bequeathed " all the rest, residue and remainder of his estate " to James W. Hewlett in fee, upon the condition that he should pay to Jack Q. Hewlett the sum of $5000, upon the arrival of the latter at the age

of 25 years, and the will declared that sum should be a lien or charge upon the residue of the estate so given to James W. Hewlett.

The testamentary bond was executed on the 14th day of December 1864. On the 18th day of January 1866, it appeared by the administration account passed by the executor, that there remained in his hands the sum of $16,426.34 in money, the residue of the personal estate, after the payment of all debts and charges, which by that account was passed over to, and held by him as residuary legatee.

Jack Q. Hewlett attained the age of 25 years on the 26th day of June 1876.

The ground of the present suit is the alleged breach of duty on the part of the executor, in having failed to cause the residue of the personal estate remaining in his hands, or so much thereof as was necessary for that purpose, to be invested under the direction of the Orphans' Court, or some other Court of competent jurisdiction, to secure the payment of $5000, to Jack Q. Hewlett on his reaching the age of 25 years.

The only question in the case is whether the failure so to invest, was a breach of duty on the part of the executor, for which the testamentary bond is liable.

It has been contended that this duty was imposed on the executor by the 10*th sec. of Art.* 93 *of the Code*; but in our judgment that section has no application to a case like the present. Without quoting the words of the section at length, it is sufficient to say that it applies only where by the will "money or some other thing" is directed to be paid at a distant day, or upon a contingency, and where in the meantime the legacy is not disposed of, but must, by the terms of the will, or otherwise, remain in the hands of the executor, or the administrator *c. t. a.* In such case it is made the duty of the executor, or administrator, to apply to a Court of equity or to the Orphans' Court, and

to invest the same under its direction, for the double purpose, as the section declares, of preventing the fund from lying dead, or being unproductive, and of securing its payment to the person who may be ultimately entitled. But in this case the will does not direct that the residue, or any part of it shall remain in the hands of the *executor*, on the contrary it is expressly devised and bequeathed to James W. Hewlett absolutely, subject only to the proviso or condition, that he *the devisee* shall pay $5000 to Jack Q. Hewlett, when the latter should reach the age of 25 years;—an event that did not occur till nearly *twelve* years after the testamentary bond was executed, and more than ten years after the passage of the final account of administration.

It is very clear that to such a case, the section of the Code above cited has no application.

When the residue was ascertained James W. Hewlett became entitled thereto as *residuary legatee*, and when the same was passed over and retained by him in that character, his testamentary bond was discharged. The securities thereon were in no manner liable or bound to Jack Q. Hewlett for the payment of the $5000, or for its safe investment for his security; the fund was from that time in the hands of James W. Hewlett, *not as executor, but as devisee. Ellicott vs. Early,* 3 *Gill,* 439.

The whole legal and beneficial interest in the residue was vested in him as devisee, subject only to the charge in favor of Jack Q. Hewlett. 2 *Story's Eq. J., sec.* 1245. As to that charge he held as devisee in trust. *Crawford vs. Severson,* 5 *Gill,* 443. For the enforcement of this trust the testamentary bond was in no manner answerable; as before said, that had been discharged. The remedy of the appellant, in case he apprehended loss, was by application to a Court of Chancery under *Art.* 16, *sec.* 138, *of the Code.*

The will did not direct an investment of the residue or any part of it, and the executor was not bound to make

such investment, his duty was discharged by the payment thereof to the residuary devisee named in the will. If that devisee had been a third person, there never would have been any question of the discharge of the sureties upon the testamentary bond; the same rule applies where the executor is himself the devisee and entitled to receive and retain the fund in that character.

*Judgment affirmed.*

(Decided 8th March, 1878.)