(Decided 18th March, 1881.)

---

Mary E. Owens *vs.* Richard Claytor, et al.
Richard Claytor *vs.* Mary E. Owens.

*When legacies or Annuities are a charge upon Real Estate—
Liens by implication—Construction of a Will creating an
Annuity—An Annuity not a charge on the Land devised.*

Legacies and annuities, whether payable by an *executor* or *a devisee,*
are not to be considered charges upon real estate, unless the inten-
tion of the testator to charge it is either expressly declared, or may
be fairly inferred from the will.

Liens by implication are not favored by law, and, although in the
absence of express language, they may sometimes be inferred, yet
the intention so to charge them ought plainly and satisfactorily to
appear.

A testatrix being seized of an undivided two-thirds interest in a
tract of land, containing a hundred and twenty-five acres, devised
to her son *John,* forty acres thereof, and to her son *Frank,* the

9                    v. 56.

remaining forty-three acres.. In a subsequent clause in the will, she gave to her niece *Mary*, her bed-room furniture, and also an annuity in the following terms : " It is likewise my will that each of my sons, *Frank* and *John*, shall pay to my said niece, *Mary*, the sum of thirty dollars per annum; in equal instalments every two months." HELD :

That the annuity thus given must be considered as a mere charge on the devisees in respect of the land devised to them, and not a charge on the land itself.

CROSS-APPEALS from the Circuit Court for Anne Arundel County, in Equity.

The bill in this case was filed by Mary E. Owens against Richard Claytor and others, to enforce the payment of an annuity given to the complainant by the will of her aunt Mrs. Sophia G. Rogers. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ALVEY and ROBINSON, J.

*John G. Rogers* and *James H. Hodges*, for Mary E. Owens.

*J. Wirt Randall* and *William H. Tuck*, for Richard Claytor.

ROBINSON, J., delivered the opinion of the Court.

The testatrix being seized of an undivided two-thirds interest in a tract of land containing one hundred and twenty-five acres, devised to her son John, forty acres thereof, including the dwelling-house and outbuildings, and to her son Frank, she devised the remaining forty-three acres.

In a subsequent clause in the will, she gave to her niece, Mary Elizabeth Owens,. her bed-room furniture, and also an annuity in the following terms :"

" It is likewise my will that each of my sons, Frank and John, shall pay to my said niece Mary, the sum of thirty dollars per annum, in equal instalments every two months.

She also gives to her servant Phil. Clark, ten dollars per annum to be paid by her son John.

She directs that her negroes shall be hired out until their wages shall aggregate a certain specified sum, and then to be free. The fund thus to be raised to be applied to the payment of her debts.

The will was executed in 1858, and the testatrix died in 1864.

In May, 1865, John sold the land devised to .him to the appellant, Richard Claytor.

The fund to be raised by the hire of the negroes, for the payment of debts having failed, a bill was filed by the testatrix's creditors for the sale of the real estate devised to John and Frank.

Upon an ascertainment made by the creditors, the appellant, Claytor, paid the proportion of the debts chargeable to John as devisee ; and the proportion due by Frank being unpaid, the land devised to him was sold under a decree of the Court, and the appellant, Claytor, became the purchaser.

In 1879, *thirteen years* after the appellant, Claytor, had purchased of John the land devised to him, and *seven years* after he had purchased at trustee's sale, the land devised to Frank, this bill is filed by the appellee, Mary E. Owens, to enforce the payment of the annuity under the will of the testatrix, as *a charge or lien upon the lands devised to* John and Frank, and now belonging to the appellant, Claytor. And the question, and only .question necessary to be decided, .in the view we take of the case, is whether the annuity is a charge upon the lands devised.

We take the law to be well settled, that *legacies* and *annuities,* whether payable by *an executor* or *a devisee,* are

not to be considered charges upon real estate, unless the intention of the testator to charge it, is either expressly declared, or may be fairly inferred from the will.

It is not contended that the annuity in this case, is expressly charged upon the land ; and if it exists at all, it must be by implication.   It is hardly necessary to say that liens by implication are not favored by law.   Such liens necessarily tend to fetter the alienation of property, and from their obscurity and uncertainty in many cases, operate as great hardships, especially against lands in the hands of a *bona fide* purchaser.   And although in the absence of express language, they may sometimes be inferred, yet the intention so to charge them ought plainly and satisfactorily to appear.   The question ought not to be one of conjecture or mere probability.

Now what is there in the will before us, from which we are to infer, the testatrix meant the annuity to be a lien upon the land ?   The devisees are her own children, and to them she devises the lands without limitation or qualification of any kind.   The annuitant is a niece, and the bequest is in a subsequent and distinct clause, without any connection with or reference to the land devised. But it is said that the payment of the annuity by them, could only be imposed in respect of and in consideration of the land.   That is true, but it by no means follows that the testatrix meant to charge its payment upon the land.

If she had said, "*to be paid by John and Frank out of the lands devised,*" or "*upon their coming into possession of the property,*" or "if the devise had been *after paying the annuity,*" or any other like expressions from which an intention could reasonably be inferred, it might be said that the annuity was a charge.   But in the entire absence of terms like these, it must be considered as a mere charge on the *devisees in respect of the land devised to them, and not a charge on the land itself.*   In accepting the devise,

they became personally liable for the payment of the annuity. It is upon the acceptance by them, and that alone, liability or obligation of any kind arises. If the testatrix meant to charge the land, it was an easy matter to do so, and if such had been the intention, it is but fair to presume it would have been declared in plain and unambiguous language. If it did not occur to her, in order to secure the annuity against all contingencies, to charge it upon the lands of the devisees, it is not in the power of this Court to create it now for the protection of the annuitant.

If then the lien is not to be inferred from the mere devise of the land itself, is there anything else upon the face of the will, from which it can be supported? We think not.

The recital in the will, shows. that the property in question originally belonged to the father of the devisees, and upon his death descended to them, and to a third brother now deceased, and that subsequently they voluntarily conveyed their undivided two-thirds interest in the property to the mother. So in point of fact, they take under the will the interest to which they were originally entitled as heirs-at-law of their father.

There is nothing therefore, either in the terms in which the annuity is given, or upon the face of the will, to show an intention to charge the real estate. Certainly no one can say that such an intention plainly appears.

So to hold, would be to say, that in every case in which a devisee is directed to pay a legacy or annuity, a lien upon the real estate is thereby created. Such a position cannot be supported upon principle or authority.

In *Wright vs. Drew*, 10 *Wheaton*, 205, the testator devised one-half of his land to his son James, and the other half to his son John, and by a subsequent clause directed James to pay his two daughters certain sums of money. The legacies were held not to be liens upon the real estate

devised to James, and in delivering the opinion of the Court, Judge STORY said :

"It is not said or implied in any part of the will, that these legacies shall be a charge on the land. The direction is personal, and must be a charge on the person only, unless it can be shown from other parts of the will that the testator intended a charge on the land." "There is no direction that the devisee shall pay the legacies out of the land." "The charge is personal."

With the exception of *Crawford vs. Severson,* 5 *Gill,* 443, no case can be found in this State to favor the contention of the appellee, Mary E. Owens.

In *West vs. Biscoe,* 6 *H. & J.,* 468, the deed of settlement directed that before the grantor should receive any benefit from the grant, he should pay certain sums to the children.

In *Kemp vs. McPherson,* 7 *H. & J.,* 320, the devisee was to *have the estate upon paying the other children certain sums specified.*

In *Spence vs. Robins,* 6 *G. & J.,* 507, the devise was "on *paying three dollars per acre* to the testator's three daughters." And in the subsequent cases of *Tolson vs. Tolson,* 10 *G. & J.,* 159 ; *Luckett vs. White, Ibid,* 480 ; *Snively vs. Bevans,* 1 *Md.,* 208 ; *Greenwood vs. Greenwood,* 5 *Md.,* 334 ; *Budd vs. Williams,* 26 *Md.,* 265 ; *Budd vs. Garrison,* 45 *Md.,* 418, and *Ogle vs. Tayloe and Munford,* 49 *Md.,* 158, terms and expressions to the same effect were used, clearly showing an intention to charge the real estate.

Now in *Crawford vs. Severson,* relied on by the appellee, Mary E. Owens, the testator devised the farm to his son John, and the other to his son Samuel, and then in a subsequent clause gave his daughter one thousand dollars, six hundred dollars to be paid by John, at the expiration of three years from the death of the testator, and four hundred to be paid by Samuel, three years after the testator's death, or on his *attaining full possession,* whichever may last happen.

The legacy here was to an *unprovided* daughter, and the time of payment was fixed from the time of possession of the land by one of the devisees, thus showing a connection at least in the mind of the testator, between the legacy and the land, and from these facts it may be said that the intention to charge the real estate may be inferred.

However that may be, sound reason forbids that the creation of charges and liens should be extended beyond the facts of that case. And we are obliged to say, and we say it with great deference, that the cases cited by Judge DORSEY, hardly justify the broad language used by him in delivering the opinion of the Court.

<div align="right">

*Orders reversed, and*
*bill dismissed.*

